Copeland *v.* Citizens' Gas Light Company.

CHARLES W. COPELAND, who sues on behalf of himself and all other stockholders of the Saratoga Gas Light Company, similarly situated, *vs.* THE CITIZENS' GAS LIGHT COMPANY, impleaded with the Saratoga Gas Light Company.

A lease, executed by one gas company to another, of its works and property, for five years, with the privilege of renewal for five years longer, the necessary effect of which is to suspend the ordinary business of the lessor for more than one year, is invalid, as against the stockholders not consenting to its execution.

An action to set aside such lease may be brought by a stockholder in the lessor's company who has not consented to, or ratified the execution of such lease, in behalf of himself and other stockholders similarly situated.

In such an action the court is not bound to adjust the equities between the lessor and the lessee, where such equities are not embraced in the pleadings containing the issues tried.

THIS is an equitable action, brought by the plaintiff as a stockholder of the Saratoga Gas Light Company, to obtain a decree setting aside and canceling a lease executed by the defendant, the Saratoga Gas Light Company, of its gas works and fixtures and personal property to the other defendant, the Citizens' Gas Light Company, for the term of five years, with a privilege of renewal for five years longer, on the ground that the object and effect of this lease was to suspend the ordinary business of the corpora-

Copeland *v*. Citizens' Gas Light Company.

tion more than one year, and the same was therefore illegal, *ultra vires and void.*

By the complaint, the plaintiff, on behalf of himself and other stockholders of the Saratoga Gas Light Company, alleged that the defendant, the Saratoga Gas Light Company was a corporation duly organized under and by virtue of the laws of the State of New York, for the purpose of manufacturing and vending illuminating gas to consumers, and for no other purpose whatever; that said company was incorporated on the — day of —— 1853, and since that time and up to the 9th day of February, 1870, had been solely engaged in and carrying on the business of manufacturing and furnishing said illuminating gas to consumers in the village of Saratoga Springs, in said county, and was, up to said 9th day of February, 1870, the only company organized and engaged in that business in said village. That the capital stock of said Saratoga Gas Light Company was $107,500, divided into shares of $100 each, and that the plaintiff was a stockholder therein, and owned thirty shares of the capital stock of said company. That the defendant, the Citizens' Gas Light Company, on or about the — day of January, 1870, was also organized as a corporation, under and by virtue of said laws of the State of New York, for the manufacture and sale of illuminating gas, and was about and threatened to establish itself in said village and carry on the business of making and vending said illuminating gas therein; that the said village of Saratoga Springs does not contain a population sufficient to warrant the support of and the carrying on of business of two gas companies therein; and the defendant, the Citizens' Gas Light Company, well knowing that fact, and being desirous to supplant the defendant, the Saratoga Gas Light Company, and obtain from it all its business of manufacturing and vending illuminating gas in said village, and for the further purpose of and with intent to deprive the defendant, the Saratoga

Copeland *v.* Citizens' Gas Light Company.

Gas Light Company, of its franchises and discontinuing all its said business and wholly dissolving the said Saratoga Gas Light Company, obtained from C. S. Lester, Esq., the president, and who assumed to act for the said defendant, the Saratoga Gas Light Company, and under the authority of its directors, a lease of all its real estate and personal property, including its works, as specified in said lease, a copy of which was annexed to the complaint. That the defendant, the Citizens' Gas Light Company, by virtue of the provisions contained in said lease, immediately entered into possession of all the property, both real and personal, connected with the said manufacturing of illuminating gas, belonging to said Saratoga Gas Light Company, and since that time the defendant, the Citizens' Gas Light Company, has had the exclusive possession of said defendants, the Saratoga Gas Light Company's real estate and works, and property thereunto appertaining, and have carried on, and are now carrying on, the business of manufacturing and vending said illuminating gas in said village, to the exclusion of the defendant, the Saratoga Gas Light Company. And the said defendant, the Citizens' Gas Light Company, claims the right and intends to continue to occupy, possess and use said works and property of the defendant, the Saratoga Gas Light Company, under said lease, and claims that said lease is legal and valid, and that the directors of the Saratoga Gas Light Company, and its president, had authority to make it. And the plaintiff further averred that it was understood and agreed between the defendant, the Citizens' Gas Light Company, and the said Lester and its board of directors, so assuming to act on behalf of said Saratoga Gas Light Company, that the defendant, the Saratoga Gas Light Company, should wholly abstain from the business of making illuminating gas and vending the same in said village, and should wholly suspend its ordinary business for the full period of five years, the duration of said lease;

and that the defendant, the Citizens' Gas Light Company, should have the exclusive privilege of manufacturing and vending illuminating gas in said village, during the full period of time mentioned in said lease.

And the plaintiff averred that the said Lester, assuming to act for the defendant, the Saratoga Gas Light Company, under the authority of its directors, executed said lease without the knowledge, privity or consent of the plaintiff and others, who were at said time, and still are, shareholders in said Saratoga Gas Light Company, and the owners of many shares of stock therein; that by reason of said leasing of said company's works and property to the defendant, the Citizens' Gas Light Company, as aforesaid, the plaintiff and many other stockholders have been greatly injured; that the business of said Saratoga Gas Light Company, at and before the execution of said lease, was very profitable and highly remunerative to the stockholders of the said Saratoga Gas Light Company. And the plaintiff averred that the said Lester, assuming to act for and under the authority of the board of directors of said Saratoga Gas Light Company, greatly exceeded his powers as president of said company, in executing said lease. And the said defendant, the Saratoga Gas Light Company, had no power or authority, through their president or their board of directors, or otherwise to execute said lease, and the said lease was *ultra vires*, illegal, fraudulent and void, and of no validity, force or effect whatever. That the rents and profits arising from the leasing of the said works and property to the defendant, the Citizens' Gas Light Company, are and will continue to be far less valuable to the stockholders of said Saratoga Gas Light Company than they were before the said lease was executed, and that by reason of said leasing, the stockholders of the defendant, the Saratoga Gas Light Company, are liable to sustain other great and irreparable injuries, and the loss and destruction of the works and property of the said Sar-

ratoga Gas Light Company, without any compensation therefor. And in case said lease is suffered to continue, and the defendant, the Citizens' Gas Light Company, is allowed to use and occupy the works of the defendant, the Saratoga Gas Light Company, thereunder, during the time mentioned, such use and occupancy will necessarily operate a suspension of the ordinary and lawful business of the said Saratoga Gas Light Company for a period exceeding one year, and cause an entire forfeiture of all the rights and franchises of said company, under their charter, and thereby work an entire dissolution of said company.

And the plaintiff further averred that the president and directors of the defendant, the Saratoga Gas Light Company, claimed and insisted that said lease was legal and valid, and refused to take any means on behalf of the stockholders of said company, or of said company, although requested so to do, to set aside the same, or to reclaim the property in the possession of the defendant, the Citizens' Gas Light Company, which said acts of both the said defendants tend to the manifest injury of the plaintiff and all other stockholders of the Saratoga Gas Light Company, similarly situated, in behalf of whom this suit was brought. Wherefore the plaintiff, on behalf of himself and all other stockholders of the Saratoga Gas Light Company, similarly situated, demanded judgment that said lease be declared *ultra vires*, invalid and void, and of no effect, and that the defendant, the Citizens' Gas Light Company, be required by the judgment of this court to surrender the possession of all the property, both real and personal, belonging to the Saratoga Gas Light Company, including its gas works and all property, fixtures and materials of every name and nature soever connected therewith, and which the defendant, the Citizens' Gas Light Company, received or took possession of under and by virtue of said lease to the defendant, the Saratoga Gas Light Company, and that the defendant, the Citizens' Gas Light Company, be enjoined

Copeland *v.* Citizens' Gas Light Company.

from interfering with said property, or any part thereof in any way soever, and that the plaintiff have such other or further relief as might be just, besides the costs of this action.

The defendant, the Saratoga Gas Light Company, demurred to the complaint, and judgment was thereupon rendered, at a special term, overruling the demurrer and directing judgment for the plaintiff thereon.

The defendant, the Citizens' Gas Light Company, put in an answer denying several of the allegations of the complaint, specifically, and generally all that were not admitted. It admitted, and stated that at or about the time mentioned in the complaint, the said "the Saratoga Gas light Company" executed to the said "Citizens' Gas Light Company" the lease set out in the complaint. That the plaintiff, and also each and every of the stockholders of said Saratoga Gas Light Company, duly consented to the execution of said lease. That under and by virtue of said lease these defendants had taken possession of the real and personal property therein mentioned, and had since the date thereof retained possession thereof and been engaged in the manufacture and sale of illuminating gas in said village, and they claimed that said lease was valid and legal. And under said lease, and relying on the same and on the representations of said Saratoga Gas Light Company, and its agents and directors, that it had full power and authority to execute the same, had made extensive erections and improvements on said leased premises, and incurred large expenses and disbursements to the amount of $10,000 and upwards, and had duly paid the rent accrued and reserved in said lease. The defendants averred that said lease was duly made and executed by the Saratoga Gas Light Company, under authority and in pursuance of a vote of the directors of said company, and that said company had by law a right to make such lease. That said lease was and is valid, and executed in the manner required

by law, and the charter of said company, and duly con-
veyed to the defendants, for the period mentioned in said
lease, the real and personal property therein mentioned.
They denied any intent, in obtaining said lease, to deprive
the Saratoga Gas Light Company of its franchises, or to
dissolve the company, and denied that such lease had any
such effect, or caused a forfeiture of the rights and fran-
chises of said company, or worked a dissolution of said
company.   The defendants denied that the business of
said Saratoga Gas Light Company, before the execution
of said lease, was profitable and remunerative to the stock-
holders thereof, but averred the fact to be that for years
prior to the execution thereof, the business of said com-
pany had been unprofitable, and had yielded very little, if
any, dividends to the stockholders, and the stock had
become of very little value, and was becoming all the time
less valuable.   And that if these defendants had not taken
said lease, and had established another and rival gas works
in said village, the stock in said Saratoga Gas Company
would have been still more depreciated in value, and
yielded less dividends.   And the defendants averred that
said lease was and is highly advantageous to the stock-
holders of the Saratoga Gas Light Company; that there-
under said stockholders would receive a fair and just
interest on the amount of their stock, and far more than
they would receive if said lease had not been executed.
And that under said lease the stock of said Saratoga Gas
Light Company was more valuable than it would have
been if said lease had not been executed.   And the de-
fendant denied that any stockholder of said Saratoga Gas
Light Company has been injured by the execution of said
lease.   And the defendant alleged that the plaintiff, by
reason of the premises, was estopped from maintaining
this action, and had no just cause of action against the
defendant, and prayed that the complaint be dismissed,
with costs.

Copeland *v.* Citizens' Gas Light Company.

The issue formed by this answer was tried before Hon. A. Bockes, one of the justices of this court, at a special term, without a jury, June 2, 1871. After hearing the proofs and allegations of the parties, and the arguments of their respective counsel, the said judge found and determined the facts of the case as follows:

I. That the Saratoga Gas Light Company organized as a corporation, as stated in the complaint, and for the purposes therein alleged, and engaged in the manufacture and furnishing of illuminating gas, as is also stated in the said complaint, for and during the time therein specified, and was the only company at the village of Saratoga Springs then so engaged. And further, that the stock of said company was $107,500, divided into shares of $100 each, and that the plaintiff was and is a stockholder in said company to the extent of thirty shares of said stock, as is also alleged in said complaint.

II. That the Citizens' Gas Light Company, at or about the time specified in the complaint, also became duly organized as a corporation, under and by virtue of the laws of this State, having for its purpose and object the manufacture and sale of illuminating gas in said village.

III. That the Saratoga Gas Light Company executed and delivered the lease of its gas works and property to the Citizens' Gas Light Company, by an instrument in writing, a copy whereof is annexed to the complaint herein, and said last named company immediately, and by virtue of said lease, took possession of the property therein specified, and commenced the manufacture and sale of gas, and ever since has continued such manufacture and sale. And the Saratoga Gas Light Company from that time has wholly ceased and omitted such manufacture and sale.

IV. That the necessary effect of said lease, and of the surrender of the property thereunder, was, and has been, and such was its intended offect, to suspend the ordinary business of said Saratoga Gas Light Company for more

than one year, and if not set aside or vacated, and the same should remain in force and effect, according to its terms and provisions and the purpose of its execution, such suspension of its ordinary business would be continued until the expiration of said lease by its terms.

V. That said lease and its execution was and is without authority, and void. That said defendant, the Saratoga Gas Light Company, had no authority, as such, to make and execute said lease, and the same was not binding on its stockholders not consenting thereto.

VI. That the plaintiff had no knowledge or notice of the execution or intended execution of said lease, and had never consented thereto or ratified the same.

And, as conclusions of law, the judge decided and adjudged:

*First.* That said lease was, and is, without authority, wholly void, and of no effect as to the plaintiff, and other stockholders similarly situated.

*Second.* That the defendant, the Citizens' Gas Light Company, should return and restore the property taken and held by such company, under said lease, to the Saratoga Gas Light Company.

*Third.* That the plaintiff was entitled to recover his costs of this action, to be adjusted as follows: The costs of the demurrer, against the Saratoga Gas Light Company, and the costs of the suit on the answer to the complaint, against the Citizens' Gas Light Company.

And judgment was ordered and awarded accordingly. But it was declared that this decision and judgment should be deemed and held to be without prejudice to the equities of the defendants, as between themselves, if any there were, growing out of said lease, and their action theretofore taken thereunder.

Judgment having been entered accordingly, against the defendant, the Citizens' Gas Light Company, that com-

pany made a case and appealed. The Saratoga Gas Light Company did not appeal.

*John R. Putnam*, for the appellant.

The defendant, under the lease in question, immediately took possession of the property therein mentioned; paid rent due under the lease; extended the mains; expended large sums to fit the works for its peculiar way of manufacturing gas, and for repairs and additions. There was no evidence that the Saratoga Gas Light Company, or any of its stockholders, suffered any pecuniary damage on account of the lease. The case then presents the questions, 1st. Whether the directors of said company could legally execute any lease of its works to the defendant, a similar corporation, organized to carry on the same business, at the same place. 2d. And if not, whether the court, in an equitable action, instituted by a stockholder of the Saratoga Gas Light Company, should set aside the lease after both parties had acted under it, and defendant had, in good faith, paid rent and made large expenditures, and would be greatly damaged if the lease be annulled—and could do so without directing an accounting between the two companies, or in any way directing compensation to be made to the defendant.

I. It is submitted that the lease in question was valid, and the court erred in holding that the Saratoga Gas Light Company had no right to execute it. The Saratoga Gas Light Company neither abandons its franchises, or suspends its business, or neglects its corporate duty by entering into this lease. It is called upon, under it, to act, constantly. 1. To receive rent, four times each year. 2. If the rent was unpaid, to take possession of the works. 3. To receive thirty days' notice of new mains being laid. If a difference should arise as to the necessity of such mains, and the amount expended therefor, to agree upon arbitrators to decide upon the matter in difference, and to

appear before such arbitrators.    4. If the buildings were destroyed, to rebuild them, or if it does not rebuild, and the defendant rebuilds, to settle upon the price of the new building, by arbitration, or otherwise.    Hence the effect of this lease is not to unlawfully suspend the ordinary business of this company.    Under it the directors of the company may, and should, meet regularly, declare dividends, as it did do, and exercise the supervision over the works of the company necessarily required by the lease.    We submit that there is no good reason why the Saratoga Gas Light Company should not perform this lease.    It would not be doubted that the company might employ an agent to manufacture gas, and deliver the works, for that purpose, to such agent for a period of years. If it can make gas through an agent, there is no reason why it cannot make it through a tenant.    As above shown, the company retains, under the lease, its corporate existence, and the lease requires constant corporate action. The effect of the lease is, that the corporation acts through its tenant, in the mere manufacture and distribution of gas, securing full performance of its franchise duty through the agency thus established, and preserving the power of supervision to that end.    The lease was but a mode of furthering the specific purpose for which the corporation was created.    (*See Catskill Bank* v. *Gray,* 14 *Barb.* 471, 479 ; † 1 *Redf. Sur. Rep.* 287.)    The cases of *Abbott* v. *Am. Hard Rubber Co.,* (20 *How. Pr.* 199 ; 21 *id.* 193 ;) and *Conro* v. *Port Henry Iron Co.,* (12 *Barb.* 127,) are relied upon as showing this lease to be invalid.    It is submitted that the cases are not parallel.    The first case was a case of an absolute sale of the corporate property and patent, the effect of which was necessarily a dissolution of the corporation. In *Conro* v. *The Port Henry Iron Co.,* the lease was made at a nominal rent, the lessee was to carry on business in his own name.    It was held a suspension of corporate business ; the court saying the lease made the corporation

Copeland *v.* Citizens' Gas Light Company.

a mere instrument in the hand of Gray. Under that lease, the corporation surrendered and abandoned the corporate property and franchises to Gray, without retaining any supervision over it, and entirely suspended the corporate business for two and one-half years. It will be seen that that case differs materially from the case before the court. Again, in *Conro* v. *The Port Henry Iron Co.*, the lease was made by the stockholders, instead of the directors. It was rightly held, that a corporation could only act through its directors, and for that reason that lease was invalid It is true Judge Willard expresses the opinion, that if the lease had been made under authority of the directors of the company it would have been void, but this opinion not being necessary in the decision of the case, it cannot be regarded as an authority. No sensible reason can be given for the doctrine maintained by the learned judge ordering the judgment. It is true that a corporation cannot suspend its business for a year. The spirit of the statutory provision prohibiting it is apparent. It is intended to secure to the public the benefit of the granted franchise, to compel the constant performance of corporate duty. The lease in question does not fall within the intent of this statute. It does not suspend the business of the company. It looks to the full discharge of the duties of its franchise. It contemplates the continued life; the active organization of the company; the full fruition of the public benefit sought to be secured. If, therefore, the statute does not apply in terms or in spirit; if the corporate business is steadily maintained; the corporate organization in full activity; its public duty amply discharged, upon what principle is it that this lease is condemned? It was within the general powers of the corporation. Acting in the promotion of its chartered objects, it could execute any instrument within the competency of an individual. It is only by bringing the act within the mischief sought to be restrained by the statute, that it can be

condemned, and if this lease be such, so would be any lease of any portion of corporate works, or business, although designed to be, and actually being, promotive of its corporate duties. It would be alike illegal to employ any agents in the transaction of corporate affairs, other than mere laborers. For example, a corporation for the manufacture of iron could not, as is the custom, let out the different departments of its labor. Such modes of prosecuting corporate business are not obnoxious to the condemnation of the statute. They are injurious to no public interest. They are not, in the sense of the statute, a suspension of business; nor are they so in any sense. Corporations must act through agents. It is entirely immaterial how they are employed, whether by lease or hiring; or how they are paid, whether by specific wages, or by participation in the profits of the business. The stockholders cannot question the discretion of directors deciding upon the most advantageous of these modes. It is therefore insisted that the court erred in holding the lease void, and directing judgment in favor of the plaintiff.

II. But if it be held that the Sarataga Gas Light Company had no right to execute this lease, it is nevertheless submitted that a stockholder of that company cannot maintain an action in equity to set aside the lease; and if otherwise, that the action cannot be maintained after the defendant had acted under it and made large expenditures, and paid rent, without an account being taken between the two companies, and the defendant being repaid the amount of its expenditures and damages; and the court erred in refusing to direct such an account. The Saratoga Gas Light Company is a private corporation, and the defendant was not therefore chargeable with knowledge of the extent of its corporate powers. (*Moss* v. *Averill,* 6 *Selden,* 449.) Hence it is to be held that the defendant entered into this lease in good faith. There is no evidence

Copeland *v.* Citizens' Gas Light Company.

in the case to show the contrary. On the faith of this lease the defendant has entered upon and taken possession of the gas works in question, and has made large expenditures thereon. It has made various payments to the Saratoga Gas Light Company. Suppose, (conceding the lease to be beyond the corporate power of the Saratoga Gas Light Company,) a similar action had been brought by that company, against the defendant, to set aside the lease. It cannot be claimed that the court would have granted the relief prayed for, without at least full restitution to the defendant. See opinion of Judge Comstock in *Bissell* v. *The Mich. S. and N. Ind. R. R. Co.*, (22 *N. Y.* 258,) as bearing on this point. The directors, who made this lease, are the agents, or trustees, of the plaintiff, and other stockholders. (*Cumberland Coal Company* v. *Sherman*, 30 *Barb.* 553.) The consideration and rent paid by the defendant, under this lease, to the Saratoga Gas Light Company, has been received by the plaintiff and other stockholders. The plaintiff and other stockholders of that company, are benefited by the permanent improvements and repairs put upon the works by the defendant, under the lease. The plaintiff cannot maintain this action, any more than its agent or trustee could, without making restitution to the defendant. The plaintiff cannot justly come into court with the defendant's money in his pocket, and benefited by the defendant's expenditures made in good faith, and claim to set aside the lease, without the defendant's repaying that money, and the damages the defendant has sustained being adjusted and also paid. Hence we insist that the court erred in directing judgment, the effect of which was to drive the defendant from the leased property, leaving thereon substantial improvements and expenditures, and with its money in the hands of the plaintiff, and other stockholders of the Saratoga Gas Light Company, and without making a provis-

ion for payment to the defendant of its expenditures and damages.

III. The plaintiff knew of the lease in March, 1870. He received a dividend on his stock after he had notice of the lease. Rent paid by the defendant under the lease went into this dividend. We submit that the plaintiff, by receiving the dividend after he knew of the existence of the lease, and when he must have known that money paid under it made up the dividend, consented to, and ratified, the lease, and with money of the defendant in his possession, received under the lease, is estopped from claiming the lease to be invalid.

*A. Pond,* for the respondent.

I. Both of the defendants are corporations, chartered under the laws of the State, and as such their powers and duties are limited to the objects specified in the statute and their charters, namely, the "manufacturing and vending illuminating gas to consumers." (3 *R. S.* 849, *Edm. ed. Laws of* 1848, *ch.* 37, *p.* 48.)

II. The two corporations being organized and chartered for such purposes only, their directors were but agents of the corporation of which they were officers, and were authorized, as such, only to carry out the objects and purposes of its being. They are and were not authorized by their acts to inflict upon the corporation of which they are such officers and agents, political death. Their duty is to preserve and perpetuate the life of the corporation, and not to terminate and destroy it. (*Abbott* v. *American Hard Rubber Co.,* 33 *Barb.* 578. *Adriance* v. *Roome,* 52 *id.* 399. *Brady* v. *The Mayor &c.,* 16 *How.* 432. *S. C.,* 18 *id.* 343. *Robbins* v. *Clay,* 33 *Maine,* 132. *Conro* v. *Port Henry Iron Co.,* 12 *Barb.* 27. *Butts* v. *Wood,* 38 *id.* 181.)

III. The lease of the works and property of the Saratoga Gas Light Company to the Citizens' Gas Light Company for five years, and with a privilege of renewal for

Copeland *v.* Citizens' Gas Light Company.

five years longer, is virtually an agreement that the former corporation would, contrary to the statute, suspend its ordinary business for a period exceeding one year; and thereby inflict upon it political death; and such, in fact, was the object and intent of the parties in making the lease in this case, and so the judge has found, and the lease was therefore illegal, *ultra vires,* and void. (2 *R. S.* 484, § 38, *Edm. ed. Conro* v. *Port Henry Iron Co.,* 12 *Barb.* 27, *and cases cited supra.*)

IV. The lease being void, was not binding on the stockholders of the corporation not consenting thereto, whose act it purported to be; and was subject to be set aside at their suit. (*Abbott* v. *Am. Hard Rubber Co.,* 33 *Barb.* 578. *Butts* v. *Wood,* 38 *id.* 181.)

V. The plaintiff as a stockholder, therefore, of the Saratoga Gas Light Company, is entitled to maintain this action, the judge having found that he never ratified or sanctioned the lease in any way. The act of accepting a dividend by the plaintiff was no ratification of the lease, as he did not know, nor does it appear, that such dividend included any part of the rent derived therefrom, and there could be no ratification without knowledge. "Ratification is an act with knowledge." (*Brass* v. *Worth,* 40 *Barb.* 648, 654. *Cumberland Coal Co.* v. *Sherman,* 30 *id.* 553. *Boerum* v. *Schenck,* 41 *N. Y.* 190. *Smith* v. *Tracy,* 36 *id.* 79, 86. *Gaffney* v. *Colvill,* 6 *Hill,* 567. *Hays* v. *Stone,* 7 *id.* 128.)

VI. There was no error in the judge refusing to adjust the equities between the two defendants in this action, if there were any such to be adjusted. In the first place, there was no claim of the kind set up in the answer, and if there had been, it could not be entertained in this action. It constituted no counter-claim in favor of the Citizens' Gas Light Company against the plaintiff, and there was no issue pending in the action between the two defendants involving such claims. (*Garvey* v. *Jarvis,* 54 *Barb.* 179. *Wright* v. *Delafield,* 25 *N. Y.* 266, 270, 271. *Wood-*

*worth* v. *Bellows,* 4 *How. Pr.* 24. *Stephens* v. *Hall,* 2 *Rob.* 674. *Decker* v. *Judson,* 16 *N. Y.* 439, 449, 450.) Nor could there properly be any such issue formed in this action. This action was brought to set aside the lease in question, because it was made without authority, was illegal and therefore void; and the claim by a stockholder to have it canceled and set aside for that cause, could not properly be met by the appellant with a claim for the settlement and adjudication of equities between the two defendants, if any such existed. (*Comstock* v. *Buchanan,* 57 *Barb.* 147, *n.*) On the whole, the questions in the case made by the answer and evidence under it, are mainly questions of fact, upon which the decision of the judge is conclusive, and the judgment should therefore be affirmed, with costs.

Since preparing the foregoing points, the opinion of Chancellor Zabriskie, of New Jersey, in the case brought by some dissenting stockholders against the railroad corporations of that State, to restrain the latter from executing a proposed lease of their corporate property and franchises to the Pennsylvania Railroad Company, for 999 years, has been published in the newspapers and thus fallen under my observation. The plaintiffs applied for an injunction to restrain the defendants from executing the lease, and the motion was denied by the chancellor on the ground, amongst others, that the legislature had, by statute, authorized the corporations in that case thus to contract. But in reference to the question as to the general power of a corporation to sell or lease its property and franchises without legislative authority, the chancellor remarks as follows: "It may be considered as settled, that a corporation cannot lease or alien any franchise or any property necessary to perform its obligations and duties to the State, without legislative authority. (*Beman* v. *Bufford,* 1 *Sim. N. S.* 550. *Johnson* v. *Shrewsbury and Pa. R. R. Co.,* 3 *DeGex, McN. & G.* 914. *Shrewsbury and*

*Birm. R. R. Co.* v. *N. Western R. R. Co.*, 6 *H. L. C.* 131. *S. Yorkshire R. R. Co.* v. *Gr. N. West. R. R. Co.*, 3 *De Gex, McN. & G.* 576.    *Winch* v. *Birkenhead &c. R. Co.*, 5 *DeGex & Su.* 562.    *Gr. Mid. R. R. Co.* v. *East. Counties R. R. Co.*, 9 *Hare*, 306.    *Troy and Rut. R. R.* v. *Kerr*, 17 *Barb.* 601. *Ohio and Miss. R. R.* v. *Ind. and Cin. R. R.*, 14 *Am. L. Reg.* 733. · *Lamman* v. *Leb. Val. R. R.*, 6 *Casey*, 42.    *York and Md. R. R.* v. *Winans*, 17 *How. U. S.* 39.    *Com.* v. *Smith*, 10 *Allen*, 455.    *Richards* v. *Libby*, 11 *id.* 66.)    The rule is founded on reason and principle.    The franchises granted by the State are often parts of the sovereign power delegated to a subject, and always privileges to which other citizens are not entitled.    In these grants, the State is supposed to regard the character of the grantee, or the guards and restrictions placed upon the corporation, when the grant is by a charter to persons continually changing by transfers of stock. · In this case, the franchise of maintaining a canal and railroads across public highways and navigable rivers, of taking tolls and rates of fare fixed by themselves, without control, are, with others, a material part of the property leased; these cannot be leased or aliened without the consent of the State."    Again, the chancellor observes in reference to the remedy of the stockholders not consenting to the lease : " But on the hypothesis that they (the corporations) have not the right to do this as against the complainants, the complainants will have the right to call them to an account in equity, as their *cestuis que trust*, and compel the lessee to surrender the lease as obtained by a breach of trust in which they were abettors; and compel the directors to account for the profits, which would have accrued, but for the breach of trust."

PER CURIAM.    The lease was invalid, and the action properly brought by a stockholder, on behalf of himself and other stockholders.    The justice committed no error

in refusing to adjust the equities between the two defendants, as they were not embraced in the pleadings containing the issues which were tried, and they may be the subject of another action.

Judgment affirmed, with costs.

[THIRD DEPARTMENT, GENERAL TERM, at Schenectady, November 14, 1871. *Miller*, P. J., and *Parker* and *Daniels*, Justices.]